**ALLEN OVERY**
**SHEARMAN STERLING US LLP**
C. Luckey McDowell (TX Bar No. 24034565)
(admitted *pro hac vice*)
Ian E. Roberts (TX Bar No. 24056217)
(admitted *pro hac vice*)
2601 Olive Street, 17th Floor
Dallas, TX 75201
Phone: (214) 271-5777
Email: luckey.mcdowell@aoshearman.com
       ian.roberts@aoshearman.com

William S. Holste (NY Bar No. 5591946)
(admitted *pro hac vice*)
599 Lexington Avenue
New York, NY 10022
Phone: (212) 848-4000
Email: william.holste@aoshearman.com

**BINDER MALTER**
**HARRIS & ROME-BANKS LLP**
Robert G. Harris (CA Bar No. 124678)
Reno Fernandez (CA Bar No. 251934)
2775 Park Avenue
Santa Clara, CA 95050
Phone: (408) 295-1700
Email: rob@bindermalter.com
       reno@bindermalter.com

*Counsel to the Debtors and Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| **In re:** | **Case Nos.: 24-51721-MEH (Lead Case);** |
| | **24-51720-MEH; 24-51722-MEH;** |
| **SWC INDUSTRIES LLC *et al.*,** | **24-51723-MEH; 24-51724-MEH;** |
| | **24-51725-MEH; 24-51733-MEH;** |
| **Debtors.[1]** | **24-51727-MEH; 24-51728-MEH;** |
| | **24-51729-MEH; 24-51730-MEH;** |
| ☐ Affects All Debtors | **24-51731-MEH; 24-51732-MEH** |
| ☒ Affects SWC Industries LLC | |
| ☐ Affects SWC Limited Partnership | |

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's tax identification number are: SWC Industries LLC (8214); SWC Limited Partnership (3203); SWC Holdings, LLC (0051); Yuba Heat Transfer, LLC (0587); SWC Aluminum Properties, L.L.C. (0299); SWC Tool Properties, LLC (0106); SencorpWhite, Inc. (2755); SWC CeraTek LLC (2504); Accu-Seal SencorpWhite, Inc. (1845); IITI Acquisition LLC (9038); SWC White

| | |
|---|---|
| ☐ Affects SWC Holdings, LLC | **Chapter 11** |
| ☐ Affects Yuba Heat Transfer, LLC | |
| ☐ Affects SWC Aluminum Properties, L.L.C. | **(Jointly Administered)** |
| ☐ Affects SWC Tool Properties, LLC | |
| ☐ Affects SencorpWhite, Inc. | **SCHEDULES OF ASSETS AND** |
| ☐ Affects SWC CeraTek LLC. | **LIABILITIES OF DEBTOR** |
| ☐ Affects Accu-Seal SencorpWhite, Inc. | **SWC INDUSTRIES LLC (CASE NO. 24-** |
| ☐ Affects IITI Acquisition LLC | **51721)** |
| ☐ Affects SWC White Systems LLC | |
| ☐ Affects Intek Integration Technologies, Inc. | |
| ☐ Affects Minerva Associates, Inc. | |

---

Systems LLC (8135); Intek Integration Technologies, Inc. (3507); Minerva Associates, Inc. (5223).  The Debtors'
service address is One International Place, Suite 3110, Boston, MA  02110.

2

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

**In re:**

**SWC INDUSTRIES LLC** *et al.,*

**Debtors.[1]**

| | |
|---|---|
| X | Affects All Debtors |
| | Affects SWC Industries LLC |
| | Affects SWC Limited Partnership |
| | Affects SWC Holdings, LLC |
| | Affects Yuba Heat Transfer, LLC |
| | Affects SWC Aluminum Properties, L.L.C. |
| | Affects SWC Tool Properties, LLC |
| | Affects SencorpWhite, Inc. |
| | Affects SWC CeraTek LLC. |
| | Affects Accu-Seal SencorpWhite, Inc. |
| | Affects IITI Acquisition LLC |
| | Affects SWC White Systems LLC |
| | Affects Intek Integration Technologies, Inc. |
| | Affects Minerva Associates, Inc. |

**Case Nos.: 24-51721-MEH (Lead Case);
24-51720-MEH; 24-51722-MEH;
24-51723-MEH; 24-51724-MEH;
24-51725-MEH; 24-51733-MEH;
24-51727-MEH; 24-51728-MEH;
24-51729-MEH; 24-51730-MEH;
24-51731-MEH; 24-51732-MEH**

**Chapter 11**

**(Jointly Administered)**

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMERS REGARDING DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

### Introduction

SWC Industries LLC and its affiliated debtors and debtors in possession (collectively, the "Debtors" or the "Company") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), submit their schedules of assets and liabilities (the "Schedules") and statements of financial affairs (the "Statements" and, together with the Schedules, the "Schedules and Statements") pursuant to section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure.

On November 13, 2024 (the "Petition Date"), the Debtors commenced these Chapter 11 Cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Northern District of California (the "Bankruptcy Court").

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's tax identification number are: SWC Industries LLC (8214); SWC Limited Partnership (3203); SWC Holdings, LLC (0051); Yuba Heat Transfer, LLC (0587); SWC Aluminum Properties, L.L.C. (0299); SWC Tool Properties, LLC (0106); SencorpWhite, Inc. (2755); SWC CeraTek LLC (2504); Accu-Seal SencorpWhite, Inc. (1845); IITI Acquisition LLC (9038); SWC White Systems LLC (8135); Intek Integration Technologies, Inc. (3507); Minerva Associates, Inc. (5223). The Debtors' service address is One International Place, Suite 3110, Boston, MA 02110.

The Chapter 11 Cases are being jointly administered for procedural purposes only under case number 24-51721. The Debtors are authorized to operate their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Additional facts relating to the Debtors' business and capital structure, and the commencement of these Chapter 11 Cases, are set forth in the *Declaration of David R. Campbell in Support of the Debtors' Chapter 11 Petitions and Motions for First Day Relief* [Docket No. 15], which was filed on the Petition Date and is incorporated here by reference.

The Schedules and Statements are unaudited and were prepared by the Debtors' management and restructuring advisors. While those responsible for the preparation of the Schedules and Statements have made a reasonable effort to ensure that the Schedules and Statements are accurate and complete, based on information known at the time of preparation after reasonable inquiries, inadvertent errors or omissions may exist, and the subsequent receipt of information may result in material changes in financial and other data contained in the Schedules and Statements. Accordingly, the Debtors reserve the right to amend and supplement their Schedules and Statements from time to time as may be necessary or appropriate.

The Debtors and their agents, attorneys and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained in the Schedules and Statements. Except as expressly required by the Bankruptcy Code, the Debtors and their agents, attorneys, and financial advisors do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised, or re-categorized. In no event shall the Debtors or their agents, attorneys, and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused, even if the Debtors or their agents, attorneys, and financial advisors are advised of the possibility of such damages. These *Global Notes and Statements of Limitations, Methodology, and Disclaimers Regarding Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (these "Global Notes") are incorporated by reference in, and comprise an integral part of, the Schedules and Statements, and should be referred to and reviewed in connection with any review of the Schedules and Statements. In the event that the Schedules and Statements differ from these Global Notes, these Global Notes shall control.

## Global Notes and Overview of Methodology

1.  **No Waiver of Rights**. The Debtors do not waive the right to dispute, setoff, or assert the defense of recoupment or other defenses to, any claim reflected in the Schedules and Statements, including, without limitation, as to amount, liability, and classification. The Debtors also do not waive any rights with respect to the values, amounts, and characterizations of the assets and liabilities listed in their Schedules and Statements, and the right to amend the Schedules and Statements in any respect. The Debtors do not waive any rights with respect to any claims, causes of action, or avoidance actions they may have, and nothing contained in or omitted from these Global Notes or the Schedules and

2

Statements shall be deemed a waiver or release of any such claims, avoidance actions, or causes of action or in any way prejudice or impair the assertion of any of the same.

2. **Estimates and Assumptions.**   To prepare and file the Schedules and Statements in accordance with the deadline under the *Order (I) Extending the Time to File Schedules and Statements, and (II) Authorizing the Filing of a Consolidated Creditor Matrix with the Debtors' Chapter 11 Petitions* [Docket No. 40], management was required to make certain estimates and assumptions that affected the reported amounts of assets and liabilities.  The Debtors reserve all rights to amend the reported amounts of assets and liabilities to reflect changes in those estimates or assumptions.

3. **Basis of Presentation.**   The Schedules and Statements reflect the separate assets and liabilities of each individual Debtor.  For financial reporting purposes, the Debtors have historically prepared consolidated financial statements.

These Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles ("GAAP"), nor are they intended to reconcile to the financial statements previously distributed to lenders, major creditors, or various equity holders on an intermittent basis.

The Schedules and Statements have been signed by David R. Campbell, the Chief Restructuring Officer for the Company.  In reviewing and signing the Schedules and Statements, Mr. Campbell necessarily relied upon the efforts, statements, and representations of the accounting and non-accounting personnel located at the Debtors' offices who report to, or work with, Mr. Campbell, either directly or indirectly.  Mr. Campbell has not, and could not have, personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors.

4. **Date of Valuations.**   Except as otherwise noted, all liabilities, cash, inventory, and vendor debit balances set forth in the Schedules and Statements are set forth as of the Petition Date.  Unless otherwise noted, all values are stated in United States currency.  The Debtors made a reasonable effort to allocate liabilities between the prepetition and postpetition periods based on the information made available and the inquiry conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further inquiry is conducted, the Debtors may modify the allocation of liabilities between the prepetition and postpetition periods and amend the Schedules and Statements accordingly.

5. **Book Value.**   Except as otherwise noted, each asset and liability of each Debtor is shown on the basis of net book value of the asset or liability in accordance with such Debtor's accounting books and records.  Therefore, unless otherwise noted, the Schedules and Statements are not based upon any estimate of the current market values of the Debtors' assets and liabilities, which may not correspond to book values.  It would be cost prohibitive and unduly burdensome to obtain current market valuations of the Debtors' property interests. Except as otherwise noted, the Debtors' assets are presented, in detail, as they appear on the Debtors' accounting sub-ledgers.  As such, the detail may include

3

error corrections and value adjustments (shown as negative values or multiple line items for an individual asset). The Debtors believe that certain of their assets, including certain owned property and intangibles, may have been significantly impaired by, among other things, the commencement of these Chapter 11 Cases. The Debtors have not yet formally evaluated the appropriateness of the carrying values ascribed to their assets prior to the Petition Date.

6. **Property and Equipment.** Unless otherwise indicated, owned property (including real property) and equipment are stated at net book value. The Debtors may lease furniture, fixtures, and equipment from certain third-party lessors. Any such leases are set forth in the Schedules and Statements. Nothing in the Schedules and Statements is or should be construed as an admission as to the determination of the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all rights with respect to same.

7. **Causes of Action.** The Debtors reserve all of their rights with respect to causes of action they may have, whether disclosed or not disclosed in the Schedules and Statements, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such causes of action.

8. **Litigation.** Certain litigation actions (collectively, the "Litigation Actions") reflected as claims against a particular Debtor may relate to any of the other Debtors. The Debtors made reasonable efforts to accurately record the Litigation Actions in the Schedules and Statements of the Debtor(s) that is party to the Litigation Action. The inclusion of any Litigation Action in the Schedules and Statements does not constitute an admission by the Debtors of liability, the validity of any Litigation Action, the amount of any potential claim that may result from any claims with respect to any Litigation Action, or the amount and treatment of any potential claim resulting from any Litigation Action currently pending or that may arise in the future.

9. **Application of Vendor Credits.** In the ordinary course of their businesses, the Debtors may apply credits against amounts otherwise due to vendors. These credits arise because, among other things, (i) materials ordered and paid for may not be delivered, (ii) materials delivered may be damaged or unusable, (iii) the applicable vendor provided volume rebates and cash discounts, and (iv) the existence of quantity or shipping variances and violations. Certain of these credits are subject to change. Vendor claims are listed at the amounts entered on the Debtors' books and records, which may or may not all reflect credits or allowances due from such creditors to the Debtors. The Debtors reserve all of their rights with respect to such credits and allowances.

10. **Claims.** Certain of the Debtors' Schedules list creditors and set forth the Debtors' estimate of the claims of creditors as of the Petition Date. The claim amounts reflected on the Schedules may include the Debtors' estimates for vendor charges not yet invoiced. By estimating certain invoices, the Debtors are not representing that they have sought to identify and estimate all uninvoiced vendor charges.

4

The Debtors intentionally have not included "non-cash" accruals, *i.e.*, accruals to recognize expense or liability over multiple periods where no specific obligation to perform is established, such as accruals to equalize lease payments, in the Schedules and Statements.

Any failure to designate a claim listed on a Debtor's Schedule as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that the claim is not "disputed," "contingent," or "unliquidated." The Debtors reserve the right to (i) object to or otherwise dispute or assert setoff rights, crossclaims, counterclaims, or defenses to any claim reflected on the Schedules as to amount, liability, classification, or otherwise, or (ii) otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated."

The claims listed on the Schedules do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code and the Debtors reserve all of their rights to dispute or challenge the validity of any asserted claims under section 503(b)(9) of the Bankruptcy Code. The Debtors further reserve all rights to challenge the characterization of the structure of any transaction or any right, document or instrument related to any creditor's claim.

The Debtors have excluded potential rejection damage claims of counterparties to executory contracts and unexpired leases that may or may not be rejected, and to the extent such damage claims exist, the Debtors reserve all rights to contest such claims as asserted.

To the extent the Debtors have reached any postpetition settlement with a vendor or other creditor, the terms of such settlement will prevail, supersede amounts listed in the Schedules and Statements, and shall be enforceable by all parties, subject to Bankruptcy Court approval. To the extent the Debtors pay any of the claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, such claims shall be satisfied, and the Debtors also reserve all rights to amend and supplement the Schedules and Statements and take other action, such as filing claims objections, but shall not be obligated to do so.

11. **Employee Claims.** The Bankruptcy Court has authorized the Debtors to pay certain prepetition wages, salaries, benefits and other obligations to employees following entry of the *Final Order Authorizing the Debtors to (I) Pay Prepetition Wages, Salaries, Withholding Obligations, and Other Compensation and Benefits, (II) Maintain Employee Benefit Programs, and (III) Pay Related Administrative Obligations* [Docket No. 113] ("Wages Order") With the exception of any prepetition severance or certain deferred compensation, the Debtors currently expect that many prepetition employee claims for wages, salaries, benefits, and other obligations either have been paid or will be paid in the ordinary course of business. Notwithstanding the foregoing, the Debtors reserve their rights to (i) evaluate whether to modify or terminate any employee plan or program and (ii) modify or terminate, with respect to discretionary obligations, or seek to modify or terminate any such plans or programs.

12. **Insiders.** For purposes of the Schedules and Statements, the Debtors defined "insiders" as such term is defined in section 101(31) of the Bankruptcy Code. Persons listed as

"insiders" have been included for informational purposes only, and the inclusion of them in the Schedules and Statements shall not constitute an admission that such persons are insiders for purposes of section 101(31) of the Bankruptcy Code. Moreover, the Debtors do not take any position with respect to: (i) any insider's influence over the control of the Debtors; (ii) the management responsibilities or functions of any such insider; (iii) the decision making or corporate authority of any such insider; or (iv) whether the Debtors or any such insider could successfully argue that he or she is not an "insider" under applicable law or with respect to any theories of liability or for any other purpose.

13.     **Intercompany Items.** For purposes of the Schedules and Statements, the Debtors have reported unsecured intercompany payables and receivables in Schedules A/B-77 and E/F Part 2, respectively. To the extent that a Debtor owes an intercompany payable, it is reported on Schedule E/F Part 2 as a liability of such Debtor. To the extent that a Debtor has an intercompany receivable, it is reported on Schedule A/B as an asset of such Debtor.

14.     **Executory Contracts**. The Debtors have not set forth executory contracts as assets in the Schedules and Statements. The Debtors' executory contracts have been set forth in Schedule G. Although the Debtors made diligent efforts to attribute an executory contract to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so due to the complexity and size of the Debtors' businesses. Accordingly, the Debtors reserve all of their rights with respect to the named parties of any and all executory contracts, including, without limitation, the right to amend, supplement, or otherwise modify Schedule G.

15.     **Intellectual Property**. Exclusion of certain intellectual property should not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated or otherwise have expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property should not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated or otherwise expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. The Debtors have made every effort to attribute intellectual property to the rightful Debtor owner, however, in some instances, intellectual property owned by one Debtor may, in fact, be owned by another. Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all intellectual property rights.

16.     **Guarantees and Other Secondary Liability Claims.** The Debtors have exercised reasonable efforts to locate and identify guarantees and other secondary liability claims (collectively, "Guarantees") in their executory contracts, unexpired leases, secured financings, debt instruments, and other agreements. Where such Guarantees have been identified, they have been included in the relevant Schedule H for the Debtor or Debtors affected by such Guarantees. However, certain Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other agreements may have been inadvertently omitted. The Debtors reserve all of their rights to amend, supplement, and otherwise modify the Schedules to the extent that additional Guarantees are identified.

6

## Specific Disclosures with Respect to Schedules

### Schedule A/B

The Debtors attempted to list known causes of action and other claims. Potential preference actions and fraudulent transfer actions were not listed because the Debtors have not yet completed an analysis of such potential claims. The Debtors' failure to list any cause of action, claim, or right of any nature is not an admission that such cause of action, claim, or right does not exist, and should not be construed as a waiver of such cause of action, claim, or right.

**Part 5, Questions 19 and 21:** This Schedule includes any inventory of the Debtors. In question 19, raw materials include inventory that can be sold at any given time and classified as finished goods. Debtor SencorpWhite, Inc. has estimated that the current value of its interest in finished goods is $1,200,000 in response to question 21.

**Part 11, Question 73:** This Schedule includes the Debtors' interests in insurance policies. The Debtors have only included the Debtors' interest in insurance policies on the Schedule for Debtor SWC Limited Partnership, the named insured on the respective insurance policies. While the insurance policies are not listed on their respective Schedules, each of the Debtors are covered by the insurance policies.

### Schedule D

Except as otherwise ordered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset for the benefit of a secured creditor listed on Schedule D of any Debtor. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any transaction or any right, document, or instrument (including without limitation, any intercompany agreement) related to such creditor's claim.

In certain instances, a Debtor may be a co-obligor with respect to scheduled claims of other Debtors. No claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are or may be otherwise satisfied or discharged.

The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens. Nothing in these Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

Except as specifically stated herein, real property lessors, utility companies, and other parties which may hold security deposits have not been listed on Schedule D. The Debtors have not included parties that may believe their claims are secured through setoff rights or inchoate statutory lien rights.

7

## Schedule E/F

Certain of the claims of state and local taxing authorities set forth in Schedule E ultimately may be deemed to be secured claims pursuant to state or local laws. Certain of the claims owing to various taxing authorities to which the Debtors may be liable may be subject to ongoing audits. The Debtors reserve their right to dispute or challenge whether claims owing to various taxing authorities are entitled to priority status, and the listing of any claim on Schedule E/F Part 1 does not constitute an admission that such claim is entitled to priority status pursuant to section 507 of the Bankruptcy Code.

In certain instances, a Debtor may be a guarantor with respect to the scheduled claims of other Debtors. No claim set forth on Schedule E/F of any Debtor is intended to acknowledge claims of creditors that may be otherwise satisfied or discharged.

Schedule E/F does not include certain deferred charges, deferred liabilities, accruals, or general reserves, including self-insured health insurance plan liabilities. Such amounts are, however, reflected on the Debtors' books and records where required in accordance with GAAP. Such accruals are general estimates of liabilities and do not represent specific claims as of the Petition Date.

As noted above, Schedule E/F Part 1 excludes certain accruals, such as prepetition vacation accruals, bonus accruals, and certain non-cash equity-based compensation to insiders.

Schedule E/F Part 2 balances are based on recorded prepetition accounts payable ("AP") for each Debtor as of the Petition Date. Schedule E/F Part 2 further incorporates goods received not yet invoiced ("GRNI") balances as of the Petition Date and additional accruals for incurred liabilities not yet reflected in AP. Vendors with both AP and GRNI balances as of the Petition Date are listed twice, once for the Vendor's AP balance and once as unliquidated for the Vendor's GRNI balance. Vendors with only GRNI balances as of the Petition Date are listed as unliquidated and at their GRNI balance. Balances are presented net of available prepaid balances.

Under the Wages Order, the Bankruptcy Court granted the Debtors authority to pay or honor certain prepetition obligations for employee wages, salaries and other compensation, reimbursable employee expenses, and employee medical and similar benefits. The Debtors have not listed on Schedule E/F any wage or wage-related obligations that the Debtors have paid postpetition pursuant to relief granted by court order entered by the Bankruptcy Court.

Under the *Order (I) Authorizing the Debtors to (A) Continue Their Prepetition Insurance Policies and (B) Pay Prepetition Obligations with Respect Thereto, and (II) Granting Related Relief* [Docket No. 108] (the "Insurance Order"), the Bankruptcy Court granted the Debtors authority to pay the prepetition Claims of insurers on account of insurance premiums, claims, and other related obligations. The amounts accrued and payable on account of such Claims may not be reflected on the Schedule E/F.

Under the *Order Authorizing the Debtors to Pay Certain Prepetition Taxes and Assessments and Granting Related Relief* [Docket No. 109], the Bankruptcy Court granted the Debtors authority to pay the prepetition Claims of regulatory authorities on account of taxes and fees. The amounts accrued and payable on account of such Claims may not be reflected on the Schedule E/F.

Case: 24-51721   Doc# 129   Filed: 12/27/24   Entered: 12/27/24 08:36:09   Page 10 of 32

**Part 3, Question 4:** The Debtors have listed their known creditors in Schedule E/F. To the extent attorneys have entered appearances on behalf of such creditors, those appearances are noted on the docket of these Chapter 11 Cases and are not separately listed in Item 4.

<div align="center">

**Schedule G**

</div>

The businesses of the Debtors are complex and, while every effort has been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred. The Debtors hereby reserve all of their rights to (i) dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G and (ii) amend or supplement such Schedule as necessary. Furthermore, the Debtors reserve all of their rights, claims, and causes of action with respect to the contracts and agreements listed on the Schedules, including, without limitation, the right to dispute or challenge the characterization or the structure of any right, transaction, document, or instrument. The presence of a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or an unexpired lease.

The contracts, agreements, and leases listed on Schedule G may have expired or been terminated, or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letter and other documents, instruments, and agreements that may not be listed therein. Certain of the real property leases listed on Schedule G may contain renewal options, guarantees of payment, options to purchase, rights of first refusal, rights to lease additional space and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth on Schedule G. Additionally, the Debtors may be parties to various other agreements concerning real property, such as easements, rights of way, subordination, non-disturbance, supplemental agreements, amendments/letter agreements, title documents, consents, site plans, maps, and other miscellaneous agreements. Such agreements, if any, may not be set forth in Schedule G. Certain of the agreements listed on Schedule G may be in the nature of conditional sale agreements or secured financings.

Schedule G does not include secured and unsecured debt agreements, intercreditor agreements, or intercompany debt agreements. All insurance policies listed in the Insurance Order are included out of an abundance of caution.

Insurance policies are only included in Schedule G for SWC Limited Partnership, the named insured on such policies, and are not included in Schedule G for the other Debtors that are covered by such policies.

Schedule G only includes the agreement governing purchase orders and does not include individual purchaser orders that are issued under such agreements. The Debtors reserve the right to amend Schedule G to the extent that they identify purchase orders that are not governed by any agreements.

<div align="center">

**Schedule H**

</div>

The Debtors may not have identified certain guarantees associated with the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements. The

<div align="center">9</div>

Debtors reserve all of their rights to amend Schedule H to the extent (or in the event that) additional guarantees are identified or such guarantees are discovered to have expired or be unenforceable.

In the ordinary course of business, the Debtors may be involved in pending or threatened litigation. These matters may involve multiple plaintiffs and defendants, some, or all of whom, may assert crossclaims and counterclaims against other parties. Because all such claims are contingent, disputed, or unliquidated, such claims have not been set forth individually on Schedule H. Litigation matters can be found on Part 3 of the Statements.

### Specific Disclosures with Respect to Statements

**Part 2, Question 4, 30:** Section 101(31) of the Bankruptcy Code defines "insiders," and the Debtors have taken reasonable efforts to list payments to "insiders" as the term is defined in the Bankruptcy Code. This list is for informational purposes only and the Debtors take no position at this time as to actual insider status of any of the listed individuals or entities.

**Part 3, Question 7:** The Debtors have used reasonable efforts to identify all known litigation as of the Petition Date. To the extent that the Debtors become aware of prepetition litigation that is not reflected in the Statements, the Debtors reserve the right to amend the Statements.

**Part 12, Question 22:** Part 12 of the Statements require the Debtors to disclose any judicial or administrative proceeding under environmental laws. To the extent that any such proceedings are disclosed in Part 12 of the Statements, the proceeding is not included in Part 3 of the Statements.

*[End of Global Notes, Schedules and Statements begin on the following page]*

Fill in this information to identify the case:

Debtor name: SWC Industries LLC

United States Bankruptcy Court for the: Northern District of California

Case number: 24-51721

☐ Check if this is an
amended filing

## Official Form 206Sum

## Summary of Assets and Liabilities for Non-Individuals

**1. Schedule A/B: Assets - Real and Personal Property** (Official Form 206A/B)

1a. **Real property:**
   Copy line 88 from Schedule A/B                                                    $0.00

1b. **Total personal property:**
   Copy line 91A from Schedule A/B                                                $9,948.50

1c. **Total of all property:**
   Copy line 92 from Schedule A/B                                                 $9,948.50


**2. Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)     $0.00
Copy the total dollar amount listed in Column A, Amount of claim, from line 3 of Schedule D

**3. Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

3a. **Total claim amounts of priority unsecured claims:**                                $0.00
   Copy the total claims from Part 1 from line 5a of Schedule E/F

3b. **Total amount of claims of nonpriority amount of unsecured claims:**               $0.00
   Copy the total of the amount of claims from Part 2 from line 5b of Schedule E/F


**4. Total Liabilities**                                                                 $0.00
Lines 2 + 3a + 3b

Fill in this information to identify the case:

Debtor name: SWC Industries LLC

United States Bankruptcy Court for the: Northern District of California

Case number: 24-51721

☐ **Check if this is an amended filing**

## Official Form 206A/B
## Schedule A/B: Assets — Real and Personal Property 12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

### Part 1: Cash and Cash Equivalents

**1. Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.

☑ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | | | Current value of debtor's interest |
|---|---|---|---|
| **2. Cash on hand** | | | |
| 2.1 | | | $0.00 |
| **3. Checking, savings, money market, or financial brokerage accounts** *(Identify all)* | | | |
| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account # | |
| 3.1 Brookline Bank | Operating Account | 9214 | $9,948.50 |
| **4. Other cash equivalents** *(Identify all)* | | | |
| 4.1 | | | $0.00 |

**5. Total of Part 1**

Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

$9,948.50

### Part 2: Deposits and prepayments

**6. Does the debtor have any deposits or prepayments?**

☑ No. Go to Part 3.

☐ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

**7. Deposits, including security deposits and utility deposits**
Description, including name of holder of deposit

7.1 _____     $0.00

**8. Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**
Description, including name of holder of prepayment

8.1 _____     $0.00

**9. Total of Part 2**

Add lines 7 through 8. Copy the total to line 81.     $0.00

## Part 3:    Accounts receivable

**10. Does the debtor have any accounts receivable?**

☑ No. Go to Part 4.

☐ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

**11. Accounts receivable**

| | | | | | | | Current value of debtor's interest |
|---|---|---|---|---|---|---|---|
| 11a. | 90 days old or less: | _____ face amount | − | _____ doubtful or uncollectible accounts | = ........ | ➜ | $0.00 |
| 11b. | Over 90 days old: | _____ face amount | − | _____ doubtful or uncollectible accounts | = ........ | ➜ | $0.00 |

**12. Total of Part 3**

Current value on lines 11a + 11b = line 12. Copy the total to line 82.     $0.00

## Part 4:    Investments

**13. Does the debtor own any investments?**

☐ No. Go to Part 5.

☑ Yes. Fill in the information below.

| | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

**14. Mutual funds or publicly traded stocks not included in Part 1**
Name of fund or stock:

| | | | |
|---|---|---|---|
| 14.1 | _____ | _____ | $0.00 |

**15. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

| Name of entity: | % of ownership: | | |
|---|---|---|---|
| 15.1 SWC Limited Partnership | 98.95% | N/A | Undetermined |

**16. Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

Describe:

16.1 _____    $0.00

**17. Total of Part 4**

Add lines 14 through 16. Copy the total to line 83.                 $0.00

**Part 5:   Inventory, excluding agriculture assets**

**18. Does the debtor own any inventory (excluding agriculture assets)?**

☑ No. Go to Part 6.

☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19. Raw materials** | | | | |
| 19.1 | | | | $0.00 |
| **20. Work in progress** | | | | |
| 20.1 | | | | $0.00 |
| **21. Finished goods, including goods held for resale** | | | | |
| 21.1 | | | | $0.00 |
| **22. Other inventory or supplies** | | | | |
| 22.1 | | | | $0.00 |

**23. Total of Part 5**

Add lines 19 through 22. Copy the total to line 84.                 $0.00

**24. Is any of the property listed in Part 5 perishable?**

☐ No

☐ Yes

**25. Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes      Book value _____      Valuation method _____      Current value _____

**26. Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☐ No

☐ Yes

| Part 6: | Farming and fishing-related assets (other than titled motor vehicles and land) |

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **28. Crops—either planted or harvested** | | | |
| 28.1 | | | $0.00 |
| **29. Farm animals** *Examples:* Livestock, poultry, farm-raised fish | | | |
| 29.1 | | | $0.00 |
| **30. Farm machinery and equipment** (Other than titled motor vehicles) | | | |
| 30.1 | | | $0.00 |
| **31. Farm and fishing supplies, chemicals, and feed** | | | |
| 31.1 | | | $0.00 |
| **32. Other farming and fishing-related property not already listed in Part 6** | | | |
| 32.1 | | | $0.00 |

**33. Total of Part 6**

Add lines 28 through 32. Copy the total to line 85.

$0.00

**34. Is the debtor a member of an agricultural cooperative?**

☐ No

☐ Yes. Is any of the debtor's property stored at the cooperative?

      ☐ No

      ☐ Yes

**35. Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes    Book value _____    Valuation method _____    Current value _____

**36. Is a depreciation schedule available for any of the property listed in Part 6?**

☐ No

☐ Yes

**37. Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No

☐ Yes

| Part 7: | Office furniture, fixtures, and equipment; and collectibles |
|---|---|

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☑ No. Go to Part 8.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **39. Office furniture** | | | |
| 39.1 | | | $0.00 |
| **40. Office fixtures** | | | |
| 40.1 | | | $0.00 |
| **41. Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| 41.1 | | | $0.00 |
| **42. Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1 | | | $0.00 |

**43. Total of Part 7**

Add lines 39 through 42. Copy the total to line 86.

| $0.00 |
|---|

**44. Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No

☐ Yes

**45. Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☐ No

☐ Yes

| Part 8: | Machinery, equipment, and vehicles |
|---|---|

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| General description Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **47. Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 47.1 | | | $0.00 |
| **48. Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |
| 48.1 | | | $0.00 |

**49. Aircraft and accessories**

49.1

$0.00

**50. Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

50.1

$0.00

**51. Total of Part 8.**

Add lines 47 through 50. Copy the total to line 87.

$0.00

**52. Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No

☐ Yes

**53. Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☐ No

☐ Yes

| Part 9: | Real Property |
|---|---|

**54. Does the debtor own or lease any real property?**

☑ No. Go to Part 10.

☐ Yes. Fill in the information below.

**55. Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1 | | | | $0.00 |

**56. Total of Part 9.**

Add the current value of all lines in question 55 and entries from any additional sheets. Copy the total to line 88.

$0.00

**57. Is a depreciation schedule available for any of the property listed in Part 9?**

☐ No

☐ Yes

**58. Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☐ No

☐ Yes

| Part 10: | Intangibles and intellectual property |
|---|---|

**59. Does the debtor have any interests in intangibles or intellectual property?**

☑ No. Go to Part 11.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **60. Patents, copyrights, trademarks, and trade secrets** | | | |
| 60.1 | | | $0.00 |
| **61. Internet domain names and websites** | | | |
| 61.1 | | | $0.00 |
| **62. Licenses, franchises, and royalties** | | | |
| 62.1 | | | $0.00 |
| **63. Customer lists, mailing lists, or other compilations** | | | |
| 63.1 | | | $0.00 |
| **64. Other intangibles, or intellectual property** | | | |
| 64.1 | | | $0.00 |
| **65. Goodwill** | | | |
| 65.1 | | | $0.00 |

**66. Total of Part 10.**

Add lines 60 through 65. Copy the total to line 89.

$0.00

**67. Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)?

☐ No

☐ Yes

**68. Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☐ No

☐ Yes

**69. Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☐ No

☐ Yes

**Part 11:    All other assets**

**70. Does the debtor own any other assets that have not yet been reported on this form?**

Include all interests in executory contracts and unexpired leases not previously reported on this form.

☑ No. Go to Part 12.

☐ Yes. Fill in the information below.

| | Current value of debtor's interest |
| --- | --- |

**71. Notes receivable**
Description (include name of obligor)

71.1

_____  _____ - _____ = ➔   _____ $0.00
total face amount          doubtful or uncollectible
                           amount

**72. Tax refunds and unused net operating losses (NOLs)**
Description (for example, federal, state, local)

72.1

_____  Tax year _____   _____ $0.00

**73. Interests in insurance policies or annuities**

73.1

_____   _____ $0.00

**74. Causes of action against third parties (whether or not a lawsuit has been filed)**

74.1

_____   _____ $0.00

Nature of Claim   _____

Amount requested  _____

**75. Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

75.1

_____   _____ $0.00

Nature of Claim   _____

Amount requested  _____

**76. Trusts, equitable or future interests in property**

76.1

_____   _____ $0.00

**77. Other property of any kind not already listed** *Examples:* Season tickets, country club membership

77.1

_____   _____ $0.00

**78. Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90.   _____ $0.00

**79. Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☐ No

☐ Yes

| Part 12: | Summary |
| --- | --- |

**In Part 12 copy all of the totals from the earlier parts of the form.**

| Type of property | Current value of personal property | Current value of real property |
| --- | --- | --- |
| **80. Cash, cash equivalents, and financial assets.** Copy line 5, Part 1. | $9,948.50 | |
| **81. Deposits and prepayments.** Copy line 9, Part 2. | $0.00 | |

**82. Accounts receivable.** Copy line 12, Part 3.                               $0.00

**83. Investments.** Copy line 17, Part 4.                                      $0.00

**84. Inventory.** Copy line 23, Part 5.                                        $0.00

**85. Farming and fishing-related assets.** Copy line 33, Part 6.               $0.00

**86. Office furniture, fixtures, and equipment; and collectibles.** Copy       $0.00
line 43, Part 7.

**87. Machinery, equipment, and vehicles.** Copy line 51, Part 8.               $0.00

**88. Real property. Copy line 56, Part 9.**                          ➜                    $0.00

**89. Intangibles and intellectual property..** Copy line 66, Part 10.          $0.00

**90. All other assets.** Copy line 78, Part 11.                                $0.00

**91. Total. Add lines 80 through 90 for each column**   91a. | $9,948.50 |          91b. | $0.00 |

**92. Total of all property on Schedule A/B.** Lines 91a + 91b = 92.                          | $9,948.50 |

**Fill in this information to identify the case:**

Debtor name: SWC Industries LLC

United States Bankruptcy Court for the: Northern District of California

Case number: 24-51721

☐ Check if this is an amended filing

## Official Form 206D
## Schedule D: Creditors Who Have Claims Secured by Property

**Be as complete and accurate as possible.**

**Part 1:**   List Creditors Who Have Claims Secured by Property

**1. Do any creditors have claims secured by debtor's property?**

☑ No. Check this box and submit page 1 of this form to the court with debtor`s other schedules. Debtor has nothing else to report on this form.

☐ Yes. Fill in the information below.

**2. List creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | Column A<br>**Amount of Claim**<br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** |
|---|---|---|

2.1

Date debt was incurred?

Last 4 digits of account number

**Do multiple creditors have an interest in the same property?**
☐ No
☐ Yes. Specify each creditor, including this creditor, and its relative priority.

**Describe debtor's property that is subject to the lien:**

**Describe the lien**

**Is the creditor an insider or related party?**
☐ No
☐ Yes

**Is anyone else liable on this claim?**
☐ No
☐ Yes. Fill out Schedule H: Codebtors(Official Form 206H)

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Column A amount: $0.00

**3. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**    $0.00

<div style="background:black;color:white;display:inline-block;padding:2px 6px;font-weight:bold;">Part 2:</div> **List Others to Be Notified for a Debt That You Already Listed**

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| 3.1 | | |

☐ Check if this is an amended filing

## Official Form 206E/F
## Schedule E/F: Creditors Who Have Unsecured Claims

**Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.**

**Part 1:** **List All Creditors with PRIORITY Unsecured Claims**

**1. Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

☐ No. Go to Part 2.

☑ Yes. Go to line 2.

**2. List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

|  | Total claim | Priority amount |
|---|---|---|

2.1

See Schedule E - Tax Claims Attachment

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Specify Code subsection of PRIORITY unsecured claim:**
11 U.S.C. § 507(a) ( **8** )

As of the petition filing date, the claim is:
*Check all that apply.*

☑ Contingent

☑ Unliquidated

☐ Disputed

**Basis for the claim:**
Tax Claims

**Is the claim subject to offset?**

☑ No

☐ Yes

Total claim: Undetermined

Priority amount: Undetermined

## Part 2:   List All Creditors with NONPRIORITY Unsecured Claims

**3. List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

| | Amount of claim |
|---|---|

3.1

**Date or dates debt was incurred**

**As of the petition filing date, the claim is:**        $0.00
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

**Is the claim subject to offset?**

☐ No

☐ Yes

## Part 3:   List Others to Be Notified About Unsecured Claims

**4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

**If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|
| 4.1 | Line | |
| | ☐ Not listed. Explain | |

## Part 4:   Total Amounts of the Priority and Nonpriority Unsecured Claims

**5. Add the amounts of priority and nonpriority unsecured claims.**

| | | Total of claim amounts |
|---|---|---|
| 5a. **Total claims from Part 1** | 5a. | $0.00 |
| 5b. **Total claims from Part 2** | 5b. | $0.00 |
| 5c. **Total of Parts 1 and 2** <br> Lines 5a + 5b = 5c. | 5c. | $0.00 |

| ID | Creditor's Name | Address 1 | Address 2 | City | State | ZIP | Specify Code Subsection Of Priority Unsecured Claim: 11 U.S.C. §507(a)(__) | Basis for Claim | Contingent | Unliquidated | Disputed | Is the Claim Subject to Offset? | Total Claim | Priority Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2.001 | ALABAMBA DEPARTMENT OF REVENUE | 50 N. RIPLEY | | MONTGOMERY | AL | 36104 | 8 | Tax Claim | X | X | | No | Undetermined | Undetermined |
| 2.002 | ALASKA DEPARTMENT OF REVENUE | PO BOX 110400 | | JUNEAU | AK | 99811-0400 | 8 | Tax Claim | X | X | | No | Undetermined | Undetermined |
| 2.003 | ARIZONA DEPARTMENT OF REVENUE | PO BOX 29085 | | PHOENIX | AZ | 85038 | 8 | Tax Claim | X | X | | No | Undetermined | Undetermined |
| 2.004 | ARIZONA DEPT. OF REVENUE | P. O. BOX 29010 | | PHOENIX | AZ | 85038-9010 | 8 | Tax Claim | X | X | | No | Undetermined | Undetermined |
| 2.005 | ARKANSAS - DEPARTMENT OF FINANCE AND ADMINISTRATION | DFA BUILDING | 1509 W 7TH ST, RM 401 | LITTLE ROCK | AR | 72201 | 8 | Tax Claim | X | X | | No | Undetermined | Undetermined |
| 2.006 | CA-FRANCHISE TAX BOARD | PO BOX 942857 | | SACRAMENTO | CA | 94257-0531 | 8 | Tax Claim | X | X | | No | Undetermined | Undetermined |
| 2.007 | CALIFORNIA - STATE BOARD OF EQUALIZATION | 450 N STREET, MIC:121 | | SACRAMENTO | CA | 94279-0121 | 8 | Tax Claim | X | X | | No | Undetermined | Undetermined |
| 2.008 | COLORADO DEPARTMENT OF REVENUE | TAXATION DIVISION | 1375 SHERMAN ST. | DENVER | CO | 80203 | 8 | Tax Claim | X | X | | No | Undetermined | Undetermined |
| 2.009 | CONNECTICUT - DEPARTMNET OF REVENUE SERVICES | 450 COLUMBUS BLVD., STE 1 | | HARTFORD | CT | 06103 | 8 | Tax Claim | X | X | | No | Undetermined | Undetermined |
| 2.010 | DC TREASURER | OFFICE OF TAX & REVENUE | P. O. BOX 419 | WASHINGTON | DC | 20044 | 8 | Tax Claim | X | X | | No | Undetermined | Undetermined |
| 2.011 | DISTRICT OF COLUMBIA - OFFICE OF TAX AND REVENUE | 1101 4TH ST. SW # 270 | | WASHINGTON | DC | 20024 | 8 | Tax Claim | X | X | | No | Undetermined | Undetermined |
| 2.012 | FLORIDA - DEPARTMENT OF REVENUE | PO BOX 6668 | | TALLAHASSEE | FL | 32314-6668 | 8 | Tax Claim | X | X | | No | Undetermined | Undetermined |
| 2.013 | GEORGIA DEPARTMENT OF REVENUE | PO BOX 740321 | | ATLANTA | GA | 30374-0321 | 8 | Tax Claim | X | X | | No | Undetermined | Undetermined |
| 2.014 | HAWAII STATE DEPARTMENT OF TAXATION | 75 AUPUNI STREET #101 | | HILO | HI | 96720-4245 | 8 | Tax Claim | X | X | | No | Undetermined | Undetermined |
| 2.015 | IDAHO STATE TAX COMMISION | COLLECTION DIVISION | PO BOX 36 | BOISE | ID | 83722-0410 | 8 | Tax Claim | X | X | | No | Undetermined | Undetermined |
| 2.016 | ILLINOIS - DEPT OF REVENUE | WILLARD ICE BUILDING | 101 WEST JEFFERSON ST | SPRINGFIELD | IL | 62702 | 8 | Tax Claim | X | X | | No | Undetermined | Undetermined |
| 2.017 | INDIANA DEPARTMENT OF REVENUE | 100 N. SENATE AVE | | INDIANAPOLIS | IN | 46204 | 8 | Tax Claim | X | X | | No | Undetermined | Undetermined |
| 2.018 | INTERNAL REVENUE SERVICE | CENTRALIZED INSOLVENCY OPERATION | PO BOX 7346 | PHILADELPHIA | PA | 19101-7346 | 8 | Tax Claim | X | X | | No | Undetermined | Undetermined |
| 2.019 | IOWA - DEPARTMENT OF REVENUE | HOOVER STATE OFFICE BUILDING, 4TH FL | 1305 E. WALNUT | DES MOINES | IA | 50319 | 8 | Tax Claim | X | X | | No | Undetermined | Undetermined |
| 2.020 | KANSAS DEPARTMENT OF REVENUE | SCOTT STATE OFFICE BUILDING | 120 SE 10TH AVE. | TOPEKA | KS | 66612-1588 | 8 | Tax Claim | X | X | | No | Undetermined | Undetermined |
| 2.021 | KENTUCKY DEPARTMENT OF REVENUE | 501 HIGH STREET | | FRANKFORT | KY | 40601 | 8 | Tax Claim | X | X | | No | Undetermined | Undetermined |
| 2.022 | KEYSTONE COLLECTIONS GROUP | PO BOX 506 | | IRWIN | PA | 15642 | 8 | Tax Claim | X | X | | No | Undetermined | Undetermined |
| 2.023 | LOUISIANA - DEPT OF REVENUE | 617 NORTH THIRD ST | | BATON ROUGE | LA | 70802 | 8 | Tax Claim | X | X | | No | Undetermined | Undetermined |
| 2.024 | MAINE REVENUE SERVICES | PO BOX 9107 | | AUGUSTA | ME | 04332-9107 | 8 | Tax Claim | X | X | | No | Undetermined | Undetermined |
| 2.025 | MARYLAND - REVENUE ADMIN. DIVISION | 110 CARROLL STREET | | ANNAPOLIS | MD | 21411-0001 | 8 | Tax Claim | X | X | | No | Undetermined | Undetermined |
| 2.026 | MASSACHUSETTS DEPARTMENT OF REVENUE | 200 ARLINGTON ST. | | CHELSEA | MA | 02150 | 8 | Tax Claim | X | X | | No | Undetermined | Undetermined |
| 2.027 | MICHIGAN DEPARTMENT OF TREASURY | 3060 W. GRAND BLVD. | | DETROIT | MI | 48202 | 8 | Tax Claim | X | X | | No | Undetermined | Undetermined |
| 2.028 | MINNESOTA - DEPT OF REVENUE | 600 NORTH ROBERT ST | | ST. PAUL | MN | 55101 | 8 | Tax Claim | X | X | | No | Undetermined | Undetermined |
| 2.029 | MISSIOURI DEPT. OF REVENUE | HARRY S TRUMAN STATE OFFICE BUILDING | 301 WEST HIGH STREET | JEFFERSON CITY | MO | 65101 | 8 | Tax Claim | X | X | | No | Undetermined | Undetermined |
| 2.030 | MISSISSIPPI DEPARTMENT OF REVENUE | 500 CLINTON CENTER DRIVE | | CLINTON | MS | 39056 | 8 | Tax Claim | X | X | | No | Undetermined | Undetermined |
| 2.031 | MISSISSIPPI DEPARTMENT OF REVENUE | PO BOX 23338 | | JACKSON | MS | 39225-3338 | 8 | Tax Claim | X | X | | No | Undetermined | Undetermined |
| 2.032 | NC DEPT OF REVENUE | PO BOX 25000 | | RALEIGH | NC | 27640-0520 | 8 | Tax Claim | X | X | | No | Undetermined | Undetermined |
| 2.033 | NEBRASKA DEPARTMENT OF REVENUE | NEBRASKA STATE OFFICE BUILDING | 301 CENTENNIAL MALL S. | LINCOLN | NE | 68508 | 8 | Tax Claim | X | X | | No | Undetermined | Undetermined |
| 2.034 | NEVADA - DEPARTMENT OF TAXATION | 1550 COLLEGE PARKWAY, SUITE 115 | | CARSON CITY | NV | 89706 | 8 | Tax Claim | X | X | | No | Undetermined | Undetermined |
| 2.035 | NEVADA - DEPARTMENT OF TAXATION | 500 EAST THIRD STREET | | CARSON CITY | NV | 89713-0030 | 8 | Tax Claim | X | X | | No | Undetermined | Undetermined |
| 2.036 | NEW HAMPSHIRE - DEPARTMENT OF REVENUE ADMIN. | GOVERNOR HUGH GALLEN STATE OFFICE PARK | 109 PLEASANT STREET | CONCORD | NH | 03301 | 8 | Tax Claim | X | X | | No | Undetermined | Undetermined |
| 2.037 | NEW JERSEY DIVISION OF TAXATION | REVENUE PROCESSING CENTER | PO BOX 281 | TRENTON | NJ | 08695-0281 | 8 | Tax Claim | X | X | | No | Undetermined | Undetermined |
| 2.038 | NEW JERSEY DIVISION OF TAXATION | REVENUE PROCESSING CENTER | PO BOX 666 | TRENTON | NJ | 08646-0666 | 8 | Tax Claim | X | X | | No | Undetermined | Undetermined |
| 2.039 | NEW MEXICO TAX AND REVENUE DEPT | 1100 SOUTH ST. FRANCIS DRIVE | | SANTE FE | NM | 87504 | 8 | Tax Claim | X | X | | No | Undetermined | Undetermined |
| 2.040 | NEW YORK - DEPT. OF TAXATION AND FINANCE | BANKRUPTCY SECTION | PO BOX 5300 | ALBANY | NY | 12205-0300 | 8 | Tax Claim | X | X | | No | Undetermined | Undetermined |
| 2.041 | NEW YORK STATE CORPORATION TAX | NYS DEPT OF TAXATION & FINANCE CORP-V | P.O. BOX 15163 | ALBANY | NY | 12212-5163 | 8 | Tax Claim | X | X | | No | Undetermined | Undetermined |
| 2.042 | NORTH CAROLINA - DEPT OF REVENUE | PO BOX 871 | | RALEIGH | NC | 27602 | 8 | Tax Claim | X | X | | No | Undetermined | Undetermined |
| 2.043 | NORTH CAROLINA DEPARTMENT OF REVENUE | NC DEPARTMENT OF REVENUE | P.O. BOX 25000 | RALEIGH | NC | 27640-0520 | 8 | Tax Claim | X | X | | No | Undetermined | Undetermined |
| 2.044 | NORTH DAKOTA - OFFICE OF STATE TAX COMMISSIONER | 600 E. BOULEVARD AVE. | | BISMARCK | ND | 58505-0599 | 8 | Tax Claim | X | X | | No | Undetermined | Undetermined |
| 2.045 | NYS CORPORATION TAX | P.O. BOX 15180 | | ALBANY | NY | 12212-5180 | 8 | Tax Claim | X | X | | No | Undetermined | Undetermined |
| 2.046 | OHIO DEPARTMENT OF TAXATION | 4485 NORTHLAND RIDGE BLVD. | | COLUMBUS | OH | 43229 | 8 | Tax Claim | X | X | | No | Undetermined | Undetermined |
| 2.047 | OHIO DEPARTMENT OF TAXATION | PO BOX 530 | | COLUMBUS | OH | 43216-0530 | 8 | Tax Claim | X | X | | No | Undetermined | Undetermined |
| 2.048 | OKLAHOMA - TAX COMMISSION | 2501 NORTH LINCOLN BOULEVARD | | OKLAHOMA CITY | OK | 73194 | 8 | Tax Claim | X | X | | No | Undetermined | Undetermined |

| ID | Creditor's Name | Address 1 | Address 2 | City | State | ZIP | Specify Code Subsection Of Priority Unsecured Claim: 11 U.S.C. §507(a)(__) | Basis for Claim | Contingent | Unliquidated | Disputed | Is the Claim Subject to Offset? | Total Claim | Priority Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2.049 | OREGON DEPT OF REVENUE | 955 CENTER ST NE | | SALEM | OR | 97301-2555 | 8 | Tax Claim | X | X | | No | Undetermined | Undetermined |
| 2.050 | OREGON DEPT OF REVENUE | PO BOX 14730 | | SALEM | OR | 97309-0464 | 8 | Tax Claim | X | X | | No | Undetermined | Undetermined |
| 2.051 | PENNSYLVANIA DEPT. OF REVENUE | 1846 BROOKWOOD ST | | HARRISBURG | PA | 17104 | 8 | Tax Claim | X | X | | No | Undetermined | Undetermined |
| 2.052 | PUERTO RICO - DEPARTMENT OF TREASURY | PO BOX 9024140 | | SAN JUAN | PR | 00902-4140 | 8 | Tax Claim | X | X | | No | Undetermined | Undetermined |
| 2.053 | RHODE ISLAND - DIVISION OF TAXATION | ONE CAPITAL HILL | | PROVIDENCE | RI | 02908 | 8 | Tax Claim | X | X | | No | Undetermined | Undetermined |
| 2.054 | RI DIVISION OF TAXATION | ONE CAPITAL HILL | | PROVIDENCE | RI | 02908-5811 | 8 | Tax Claim | X | X | | No | Undetermined | Undetermined |
| 2.055 | SC DEPARTMENT OF REVENUE | CORPORATION VOUCHER | PO BOX 100153 | COLUMBIA | SC | 29202 | 8 | Tax Claim | X | X | | No | Undetermined | Undetermined |
| 2.056 | SOUTH CAROLINA DEPT. OF REVENUE | 300A OUTLET POINTE BOULEVARD | | COLUMBIA | SC | 29210 | 8 | Tax Claim | X | X | | No | Undetermined | Undetermined |
| 2.057 | SOUTH DAKOTA DEPARTMENT OF REVENUE | 445 EAST CAPITOL AVE | | PIERRE | SD | 57501-3185 | 8 | Tax Claim | X | X | | No | Undetermined | Undetermined |
| 2.058 | STATE OF DELAWARE | DIVISION OF CORPORATIONS | P. O. BOX 5509 | BINGHAMPTON | NY | 13902-5509 | 8 | Tax Claim | X | X | | No | Undetermined | Undetermined |
| 2.059 | TENNESSEE DEPARTMENT OF REVENUE | COLLECTION SERVICES DIVISION | 500 DEADERICK STREET | NASHVILLE | TN | 37242 | 8 | Tax Claim | X | X | | No | Undetermined | Undetermined |
| 2.060 | TENNESSEE DEPT OF REVENUE | 500 DEADERICK ST. | ANDREW JACKSON STATE OFFICE BUILDING | NASHVILLE | TN | 37242 | 8 | Tax Claim | X | X | | No | Undetermined | Undetermined |
| 2.061 | TEXAS COMPTROLLER OF PUBLIC ACCOUNTS | PO BOX 13528 | CAPITOL STATION | AUSTIN | TX | 78711-3528 | 8 | Tax Claim | X | X | | No | Undetermined | Undetermined |
| 2.062 | TEXAS COMPTROLLER OF PUBLIC ACCOUNTS | PO BOX 149348 | | AUSTIN | TX | 78714-9348 | 8 | Tax Claim | X | X | | No | Undetermined | Undetermined |
| 2.063 | TOWN OF BARNSTABLE | TREASURER / COLLECTOR | PO BOX 40 | HYANNIS | MA | 02601-0040 | 8 | Tax Claim | X | X | | No | Undetermined | Undetermined |
| 2.064 | UTAH STATE TAX COMMISSION | 210 NORTH 1950 WEST | | SALT LAKE CITY | UT | 84134-0700 | 8 | Tax Claim | X | X | | No | Undetermined | Undetermined |
| 2.065 | VIRGINIA DEPARTMENT OF TAXATION | 1957 WESTMORELAND STREET | | RICHMOND | VA | 23230 | 8 | Tax Claim | X | X | | No | Undetermined | Undetermined |
| 2.066 | WASHINGTON - DEPART OF REVENUE | PO BOX 47473 | | OLYMPIA | WA | 98504-7463 | 8 | Tax Claim | X | X | | No | Undetermined | Undetermined |
| 2.067 | WEST VIRGINIA DEPARTMENT OF REVENUE | 1124 SMITH STREET | | CHARLESTON | WV | 25301 | 8 | Tax Claim | X | X | | No | Undetermined | Undetermined |
| 2.068 | WISCONSIN DEPARTMENT OF REVENUE | PO BOX 8949 | | MADISON | WI | 53713 | 8 | Tax Claim | X | X | | No | Undetermined | Undetermined |
| 2.069 | WYOMING DEPARTMENT OF REVENUE | 122 WEST 25TH STREET, 3RD FLOOR E. | | CHEYENNE | WY | 82002-0110 | 8 | Tax Claim | X | X | | No | Undetermined | Undetermined |
| **TOTAL** | | | | | | | | | | | | | **Undetermined** | **Undetermined** |

☐ Check if this is an amended filing

## Official Form 206G

## Schedule G: Executory Contracts and Unexpired Leases

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.

**Schedule G:** Executory Contracts and Unexpired Leases

**1. Does the debtor have any executory contracts or unexpired leases?**

☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

☑ Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B).

| 2. List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|
| 2.1 | State what the contract or lease is for and the nature of the debtor's interest | MANAGEMENT AGREEMENT | CONNELL FAMILY OFFICE & MANAGEMENT, LLC -- ATTN KURT KEADY, MANAGER, ONE INTERNATIONAL PLACE, SUITE 3110, BOSTON, MA 02110 |
| | State the term remaining | Auto-Renews | |
| | List the contract number of any government contract | | |
| 2.2 | State what the contract or lease is for and the nature of the debtor's interest | EMPLOYMENT AGREEMENT | STEVEN J PULLY -- 4564 MEADOWOOD ROAD, DALLAS, TX 75220 |
| | State the term remaining | Undetermined | |
| | List the contract number of any government contract | | |

☐ Check if this is an amended filing

## Official Form 206H
## Schedule H: Codebtors

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

**1. Does the debtor have any codebtors?**

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

☑ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, *Schedules D-G*.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|
| **Name** | **Mailing Address** | **Name** | **Check all schedules that apply:** |
| 2.1 ACCU-SEAL SENCORPWHITE, INC. | 225 BINGHAM DRIVE, SUITE A-D, SAN MARCOS, CA 92069 | CONNELL FAMILY OFFICE & MANAGEMENT, LLC | ☐ D ☐ E/F ☑ G |
| 2.2 IITI ACQUISITION LLC | ONE INTERNATIONAL PLACE, 31ST FLOOR, BOSTON, MA 02110 | CONNELL FAMILY OFFICE & MANAGEMENT, LLC | ☐ D ☐ E/F ☑ G |
| 2.3 INTEK INTEGRATION TECHNOLOGIES, INC. | 5280 CARROLL CANYON ROAD, SUITE 202, SAN DIEGO, CA 92121 | CONNELL FAMILY OFFICE & MANAGEMENT, LLC | ☐ D ☐ E/F ☑ G |
| 2.4 MINERVA ASSOCIATES, INC. | 5280 CARROLL CANYON ROAD, SUITE 202, SAN DIEGO, CA 92121 | CONNELL FAMILY OFFICE & MANAGEMENT, LLC | ☐ D ☐ E/F ☑ G |

| 2.5 SENCORPWHITE, INC. | 400 KIDDS HILL ROAD, HYANNIS, MA 02601 | CONNELL FAMILY OFFICE & MANAGEMENT, LLC | ☐ D ☐ E/F ☑ G |
| 2.6 SWC ALUMINUM PROPERTIES, L.L.C. | ONE INTERNATIONAL PLACE, 31ST FLOOR, BOSTON, MA 02110 | CONNELL FAMILY OFFICE & MANAGEMENT, LLC | ☐ D ☐ E/F ☑ G |
| 2.7 SWC HOLDINGS, LLC | ONE INTERNATIONAL PLACE, 31ST FLOOR, BOSTON, MA 02110 | CONNELL FAMILY OFFICE & MANAGEMENT, LLC | ☐ D ☐ E/F ☑ G |
| 2.8 SWC LIMITED PARTNERSHIP | ONE INTERNATIONAL PLACE, 31ST FLOOR, BOSTON, MA 02110 | CONNELL FAMILY OFFICE & MANAGEMENT, LLC | ☐ D ☐ E/F ☑ G |
| 2.9 SWC TOOL PROPERTIES, LLC | ONE INTERNATIONAL PLACE, 31ST FLOOR, BOSTON, MA 02110 | CONNELL FAMILY OFFICE & MANAGEMENT, LLC | ☐ D ☐ E/F ☑ G |
| 2.10 YUBA HEAT TRANSFER LLC | ONE INTERNATIONAL PLACE, 31ST FLOOR, BOSTON, MA 02110 | CONNELL FAMILY OFFICE & MANAGEMENT, LLC | ☐ D ☐ E/F ☑ G |

☐ **Check if this is an amended filing**

## Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☑ *Schedule H: Codebtors* (Official Form 206H)

☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a _____
declaration

I declare under penalty of perjury that the foregoing is true and correct.

| | |
|---|---|
| 12/27/2024 | /s/ David R. Campbell |
| Executed on | Signature of individual signing on behalf of debtor |
| | David R. Campbell |
| | Printed name |
| | Chief Restructuring Officer |
| | Position or relationship to debtor |