Entered on Docket
August 11, 2026
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed and Filed: August 11, 2026

HANNAH L. BLUMENSTIEL
U.S. Bankruptcy Judge

Stephen D. Finestone (125675)
Jennifer C. Hayes (197252)
FINESTONE HAYES LLP
456 Montgomery Street, Suite 1300
San Francisco, California 94104
Tel. (415) 421-2624
Fax (415) 398-2820
sfinestone@fhlawllp.com

KLEHR HARRISON HARVEY BRANZBURG LLP
Morton R. Branzburg
Michael W. Yurkewicz
1835 Market St., 14th Floor
Philadelphia, PA 19103
215.269.2700
mbranzburg@klehr.com
myurkewicz@klehr.com

Attorneys for Liquidating Trustee

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| In re:<br><br>SWC Industries LLC, et al.,<br><br>Debtor.<br>X Affects All Debtors<br>Affects SWC Industries LLC<br>Affects SWC Limited Partnership<br>Affects SWC Holdings, LLC<br>Affects Yuba Heat Transfer, LLC<br>Affects SWC Aluminum Properties, LLC<br>Affects SWC Tool Properties, LLC<br>Affects SencorpWhite, Inc<br>Affects SWC CeraTek LLC<br>Affects Accu-Seal SencorpWhite, Inc.<br>Affects IITI Acquisition LLC<br>Affects SWC White Systems LLC<br>Affects Intek Integration Technologies, Inc.<br>Affects Minerva Associates, Inc. | Case Nos. 24-51721 HLB (Lead Case); 24-51720; 24-51722; 24-51723; 24-51724; 24-51725; 24-51733; 24-51727; 24-51728; 24-51729; 24-51730; 24-51731; 24-51732<br><br>Chapter 11 (Jointly Administered) |

**ORDER GRANTING MOTION TO APPROVE SETTLEMENT AGREEMENT, RELEASE AND POLICY BUYBACK BETWEEN SWC LIQUIDATING TRUST AND EMPLOYERS INSURANCE COMPANY OF WAUSAU AND NATIONWIDE INDEMNITY COMPANY AND AUTHORIZING THE SALE OF THE POLICIES (AS DEFINED IN THE AGREEMENT) FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND OTHER ENCUMBRANCES**

The Liquidating Trustee's Motion to Approve Settlement Agreement, Release and Policy Buyback Between SWC Liquidating Trust and Employers Insurance Company of Wausau and Nationwide Indemnity Company and Authorizing the Sale of the Policies (As Defined in the Agreement) Free and Clear Of Liens, Claims, Interests, and Other Encumbrances (the "Motion") was noticed for hearing on the date and time identified.

The notice of the Motion provided that any opposition to it was to be filed by August 6, 2026. As set forth in the Bankruptcy Local Rule 9014-1 Certification of No Objection Regarding Docket No. 794 (Dkt # 799), no party filed a response or an opposition to the Motion.

Having reviewed the Motion and supporting declaration, service being proper and good cause appearing:

The Motion and the relief set forth on the following pages, paragraphs two through seventeen, is hereby **GRANTED**.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**[1]

Jurisdiction, Final Order, and Statutory Predicates

A. The Court has jurisdiction over the Motion and relief requested therein, including responses and objections thereto, if any, pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (N), and (O), as to which this Court has the statutory and constitutional power to enter a final order. Venue of this case and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

---

[1] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B. This Order constitutes a final and immediately appealable order within the meaning of 28 U.S.C. § 158(a).

C. The statutory predicates for the relief sought in the Motion are Sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rules 6004 and 9019.

Retention of Jurisdiction

D. It is necessary and appropriate for the Court to retain jurisdiction to, among other things, interpret and enforce the terms and provisions of this Order and the Agreement, and to adjudicate, if necessary, to the extent provided under 28 U.S.C. § 1334(b), any and all disputes arising from or relating to the Agreement.

Sound Business Judgment and Reasonableness

E. The relief requested in the Motion is in the best interests of the Trust, the Debtors' estates, claimants, and other parties-in-interest. The Trust has demonstrated good, sufficient, and sound business purposes and justifications for the relief requested in the Motion and the approval of the settlement contemplated thereby.

F. The Agreement, including the sale of the Policies free and clear of any and all Interests is fair and reasonable and in the best interests of the Trust and the Debtors' estates. The Settlement Amount of $3,000,000 represents fair and reasonable consideration for the sale of the Policies, the release of Claims, and the other provisions set forth in the Agreement. The Agreement is also in the best interests of the claimants and other parties in interest, because it is contemplated that the proceeds of the settlement ultimately will be paid to the Trust to perform the purposes of the Plan[2], the SWC Liquidating Trust Agreement (the "Liquidating Trust Agreement"), and the Liquidating Trust Agreement Addendum For Treatment And Distribution Of SWC Environmental Trust Assets (the "Liquidating Trust Environmental Addendum") in accordance with the terms of the Plan and those agreements.

[2] The term "Plan" refers to the Third Amended Joint Plan Under Chapter 11 of the Bankruptcy Code, which was confirmed by order of the Court dated May 7, 2025.


Case: 24-51721 Doc# 800 Filed: 08/11/26 Entered: 08/11/26 16:05:39 Page 3 of 10

G. The Trust has demonstrated that the probability of success for the Trust in litigation over the matters resolved by the Agreement is uncertain and that the litigation of the matters resolved by the Agreement would be complex and costly to the Trust. Entry into the Agreement is necessary and appropriate to maximize the value of the Trust's assets, is consistent with the reasonable range of potential litigation outcomes, and is in the best interests of the Trust and all parties in interest because, among other reasons, the Agreement contemplates the payment of the Settlement Amount to the Trust.

<u>Good Faith of Purchaser of the Policies</u>

H. The Agreement was negotiated by the Parties in good faith, from arm's-length bargaining positions, and without fraud or collusion. Each Party to the Agreement was represented by counsel. The sale consideration to be realized pursuant to the Agreement is fair and reasonable. Employers is a good faith purchaser of the Policies for value within the meaning of Section 363(m) of the Bankruptcy Code and is entitled to the protections thereof. Neither the Trust, nor Employers, nor any of their representatives have engaged in any conduct that would (i) cause or permit the Agreement, or the sale of the Policies contemplated therein, to be avoided under Section 363(n) of the Bankruptcy Code, (ii) cause or permit any amounts, costs, attorneys' fees, expenses, or punitive damages to be recovered under Section 363(n) of the Bankruptcy Code, or (iii) prevent the application of Section 363(m) of the Bankruptcy Code.

<u>Satisfaction of Section 363(f) Requirements</u>

I. The Trust may sell the Policies free and clear of Interests under Section 363(f) of the Bankruptcy Code because one or more of the criteria set forth in Section 363(f)(1)–(5) of the Bankruptcy Code has been satisfied. Without limiting the generality of the foregoing, those holders of Interests against any of the Policies who did not object, or who withdrew their objections, to the Motion or the relief requested therein are deemed to have consented pursuant to Section 363(f)(2) of the Bankruptcy Code, applicable non-bankruptcy law permits the sale of the Policies pursuant to Section 363(f)(1) of the Bankruptcy Code and each holder of an Interest in the Policies can be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such Interest as contemplated by Section 363(f)(5) of the Bankruptcy Code.

J. To the extent any Person has demonstrated an Interest in the Policies that is entitled to adequate protection under the Bankruptcy Code, such Interest is adequately protected as required by Section 363(e) of the Bankruptcy Code, and in no circumstance will such Interest be satisfied by Employers.

Application of Proceeds

K. The proceeds paid to the Trust under the Agreement are proceeds arising out of the Environmental Insurance and are thus Environmental Assets as set forth in Liquidating Trust Environmental Addendum and shall be administered by the Trust pursuant to the Liquidating Trust Environmental Addendum.

No Successor Liability

L. Apart from the duties and obligations set forth in the Agreement, the transfer of the Policies pursuant to the Agreement does not and will not subject or expose any Employers Entity to any liability, Claim, cause of action, or remedy by reason of such transfer under (a) the laws of the United States, any state, territory, or possession thereof, or the District of Columbia, based on, in whole or in part, directly or indirectly, including, without limitation, any theory of tort, creditors' rights, equity, antitrust, environmental, successor or transferee liability, labor law, de facto merger, or substantial continuity; or (b) any employment contract, understanding, or agreement, including, without limitation, collective bargaining agreements, employee pension plans, or employee welfare or benefit plans.

M. No common identity of officers or directors exists between Employers on the one hand and the Trust on the other hand.

**N.** Employers is purchasing the Trust's rights in the Policies pursuant to the Agreement and this Order. Employers is not purchasing any other assets of the Trust. Employers shall not have any responsibility or liability with respect to any liability of, or claims against, the Trust or Legacy Debtors.

O. A sale of the Policies other than one free and clear of Interests, if possible at all, would impact adversely on the Trust and would be of substantially less benefit to the Trust. Employers

would not purchase the Policies, nor pay the Settlement Amount, were the sale not free and clear of all Interests.

Sale Injunction

P. Issuing the Sale Injunction under Section 105(a) of the Bankruptcy Code is essential to give effect to the sale of the Policies to Employers free and clear of Interests pursuant to Section 363(f) of the Bankruptcy Code. The Sale Injunction is a necessary prerequisite for Employers' agreement to the terms and conditions of the Agreement, and Employers will not consummate the sale of the Policies in the absence of such an injunction from this Court.

Notice

Q. The Trust has provided due and proper notice of the Motion and the Agreement under the particular circumstances and no further notice need be given with respect to the Motion, the Agreement, and the proposed sale of the Trust's rights in the Policies. A reasonable opportunity to object or be heard regarding the relief requested has been afforded to all interested persons and entities.

For all of the foregoing reasons and after due deliberation, **IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED and APPROVED in all respects.

2. The hearing on the Motion set for August 20, 2026, at 10:00 a.m. is vacated and will be taken off the Court's calendar.

3. Pursuant to Section 363(b) of the Bankruptcy Code and pursuant to Bankruptcy Rule 9109, the Trust is authorized to enter into and consummate the Agreement, including to (i) sell, transfer, and convey the Trust's rights in the Policies to Employers in accordance with the terms and subject only to the conditions specified herein and in the Agreement, and (ii) release Claims as set forth in the Agreement. The Trust and Employers are each hereby authorized to take all actions and execute all documents and instruments that the Trust and Employers deem necessary or appropriate to implement and effectuate the Agreement.

4. The terms and provisions of the Agreement are approved in their entirety, and this Order and the Agreement shall be binding upon: the Trust; Employers; all Persons holding

Interests in the Policies, or Claims against the Trust; the Debtors' insurers other than Employers; any actual or potential insureds under the Policies; all other parties-in-interest. The sale of the Policies to Employers, effective upon Employers' payment of the Settlement Amount in full, shall constitute a legal, valid, and effective transfer and shall vest Employers with all right, title, and interest in and to the Policies free and clear of all Interests pursuant to Section 363(f) of the Bankruptcy Code. The Trust and Wassau may modify, supplement or amend the Agreement and any documents related thereto, without further order of the Court, provided that any such modification, amendment or supplement is in writing, signed by the to such document, and does not have a material adverse effect on the Trust.

5. Employers shall pay to the Trust the Settlement Amount as provided in the Agreement.

6. The Trust shall treat the Settlement Amount, net of commissions paid to Eisenstein Malanchuk LLP in connection with the Agreement, as Environmental Assets under the Liquidating Trust Environmental Addendum.

7. The sale of the Trust's rights in the Policies to Employers under the Agreement constitutes a transfer for reasonably equivalent value and fair consideration for purposes of Section 548 of the Bankruptcy Code and comparable provisions of non-bankruptcy law.

8. Pursuant to Sections 105(a) and 363(f) of the Bankruptcy Code, effective as of the date that Employers pays the Settlement Amount in full, the Policies shall be deemed sold and transferred to Employers, free and clear of any and all Interests of all Persons in, to, and with respect to the Policies, including any and all Claims against Employers for contribution, indemnity, or other liability under, based upon, arising from, or attributable to the Policies (including any Direct Action Claims), whether arising prior to, during, or subsequent to the Bankruptcy Cases or imposed by agreement, understanding, law, equity, or otherwise. Upon payment in full of the Settlement Amount in accordance with the Agreement and transfer of the Policies to Employers, the Policies will terminate and be of no further force or effect. Any and all Interests that the Court determines are entitled to protection under Section 363(e) of the Bankruptcy Code shall attach to the proceeds of sale with the same validity, priority, force, and

effect as such Interests had in the Policies prior to entry of this Order, subject to the terms and conditions of the Plan, the Liquidating Trust Agreement, and the Liquidating Trust Agreement Addendum to the extent such terms and conditions are valid, binding, and enforceable. Nothing contained herein is intended to nor shall be deemed to constitute a determination of the extent, validity, or priority of any such Interests that may be asserted.

9. Effective upon payment in full of the Settlement Amount, pursuant to Sections 105(a) and 363 of the Bankruptcy Code, all Persons who have held or asserted, who hold or assert, or who may in the future hold or assert any Claim or Interest of any kind or nature against or in any of the Debtors, their bankruptcy estates, the Trust, the Policies, or Employers based upon, arising under or out of, or in any way attributable to the Policies, whenever or wherever arising or asserted (including all thereof in the nature of or sounding in tort, contract, warranty, or any other theory of law, equity, or admiralty), shall be and hereby are permanently stayed, restrained, and enjoined from asserting any such Claims or Interests against Employers and from continuing, commencing, or otherwise proceeding or taking any action against Employers to enforce such Interests or Claims or for the purpose of directly or indirectly collecting, recovering or receiving payments from Employers to recover with respect to any such Claim or Interest. Effective upon payment in full of the Settlement Amount, the Policies are void ab initio.

10. Employers is not, and shall not be deemed to be, a successor to the Trust by reason of any theory of law or equity or as a result of the consummation of the transactions contemplated in the Agreement or otherwise. Employers shall not assume any liabilities of the Trust.

11. The transactions contemplated by the Agreement, including the sale of the Policies to Employers free and clear of all Interests, are undertaken by Employers in good faith, as that term is used in Section 363(m) of the Bankruptcy Code. Accordingly, the reversal or modification on appeal of the authorization to consummate the sale and the transactions contemplated by the Agreement shall not affect the validity of the sale of the Policies, unless such authorization is duly stayed pending such appeal. Employers is a purchaser in good faith

of the Policies and shall be entitled to all of the protections afforded by Section 363(m) of the Bankruptcy Code. The Trust shall not commence any action against Employers seeking relief under Section 363(n) of the Bankruptcy Code with respect to the Policies.

12. Pursuant to Bankruptcy Rule 9019(a), the settlement and mutual release of Claims as set forth in the Agreement are hereby approved. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable upon Employers' payment of the Settlement Amount in full, and its provisions shall be self-executing and shall not be stayed under Bankruptcy Rule 6004(h).

13. The failure specifically to include any particular provision of the Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Agreement be authorized and approved in its entirety.

14. This Court shall, to the extent authorized by 28 U.S.C. § 1334(b), retain jurisdiction to interpret and enforce the provisions of this Order and the Agreement in all respects.

15. Each and every federal, state, and local governmental agency or department is hereby directed to accept this Order in lieu of any document necessary to consummate the settlement contemplated by the Agreement and this Order.

16. The provisions of this Order are mutually dependent and are not severable.

17. Pursuant to Bankruptcy Rules 5003 and 9021 (and Fed. R. Civ. P. 58), the Clerk of this Court is directed forthwith to enter this Order on the dockets of the Bankruptcy Cases as a final order and judgment.

** END OF ORDER **


Case: 24-51721 Doc# 800 Filed: 08/11/26 Entered: 08/11/26 16:05:39 Page 9 of 10

**COURT SERVICE LIST**

ECF Participants Only